UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**UNITED STATES OF AMERICA**

**v.**                                                                       Criminal Action Number
                                                                                    5:02CR-11-J

**DWAYNE E. BICE**

## MEMORANDUM OPINION

This case presents Mr. Bice's petition pursuant to 28 U.S.C. Sec. 2255 to vacate, set aside, or correct the sentence entered in December 2002 following a plea of guilty.  The matter is before the Court on Mr. Bice's objections to the Report and Recommendation of the United States Magistrate Judge.  After conducting a de novo review of those matters that are the subject of specific written objection, the Court is of the opinion that the recommendation of the United States Magistrate Judge should be accepted, and the motion to vacate should be denied.

Mr. Bice objects to the recommendation that he not be permitted to amend his petition to assert an argument pursuant to United States v. Booker, 125 S.Ct. 738 (2005).  The Court finds no merit in his objection.  Some confusion was produced by Blakely v.Washington, 524 U.S. ____, 124 S.Ct. 2531 (June 24, 2004).    Some courts, including this one, were of the opinion that the Blakely applied to the United States Sentencing Guidelines, while others, including the Court of Appeals for the Sixth Circuit, held a contrary opinion.  In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied Blakely to the United States Sentencing Guidelines, and ruled that they were advisory only.  The outstanding question was whether Blakely and Booker

1

would be retroactively applicable.  In Humphress v. United States, 398 F.3d 855 (6th cir. 2005), the Sixth Circuit ruled that Booker does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement.  As Mr. Bice did not appeal from the December 16, 2002 judgment, his conviction was final before the end of 2002.  This was prior to both Blakely and Booker; therefore, pursuant to the clear holding in Humphress, Booker does not apply to his case, and amendment to assert a Booker argument would be futile.

Mr. Bice next objects that his guilty plea as to Count 3 was not knowingly and voluntarily entered.  He contends that he was not actually guilty of that count because the firearm was not his and it was not present at the time of the drug transaction.  He asserts that if his lawyer had properly advised him, he would have refused to plead guilty as to that count and would have gone to trial instead.

Petitioner has the burden of demonstrating two components:  First, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, petitioner must show that the deficient performance prejudice the defense, i.e., caused defendant to be deprived of a "fair trial, a trial whose result is reliable."  Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, petitioner must show a reasonable probability that absent counsel errors, the results of the proceedings would have been different.  Lynott v. Story, 929 F.2d 228 (6th Cir. 1991).

The same standard applies in cases of guilty pleas, where the test for the second component is whether, absent the deficient attorney performance, the defendant would have made a different decision about entering a plea of guilty.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  However, in Maples v. Stegall, 340 F.3d 433 (2003), the United States Court of Appeals

for the Sixth Circuit carefully examined additional language from <u>Hill</u>: "In many guilty plea cases... the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."  The Court noted that the language was subject to two plausible interpretations, and in the end determined that <u>Hill</u> requires that the reviewing court "always analyze the substance of the petitioner's underlying claim."  <u>Maples</u> at 440.  In many cases, this inquiry will be dispositive to the resolution of the habeas action.

Mr. Bice was charged with thirteen counts, including two counts of possessing firearms in furtherance of drug trafficking.  Count 3 alleged "On or about June 1, 2001," Mr. Bice carried and possessed in furtherance of a drug trafficking crime, a Heritage Rough Rider .22 caliber revolver.  Count 9 alleged similar carrying and possessing on July 17, 2001, identifying a shotgun, a 7mm magnum with scope, and the handgun described in Count 3.  As part of the plea agreement, two of the counts (Counts 9 and 10) were dismissed, and  Mr. Bice received the benefit of "acceptance of responsibility" in the calculation of his sentence.

Mr. Bice accepted the plea agreement and admitted facts supporting his plea of guilty as to each of the remaining eleven counts.  He now contends that he accepted the plea agreement only because of erroneous information provided him by his counsel.  He argues that two pieces of advice were in error, these being (1) if he wished to accept the agreement and have the benefit of acceptance of responsibility, he would have to plead guilty to Count 3, and (2) dismissal of one of the firearms counts was a benefit to him because conviction of one firearms count would call for a minimum sentence of five years, while conviction of two would require a minimum sentence of twenty-five years.

The short answer is that counsel's advice was not in error.  A plea agreement cannot be

3

accepted piecemeal. Thus, if Mr. Bice had refused to plead guilty to one of the counts, there would not have been a deal at all. If he had elected not to change his plea, but instead to insist on his right to a trial by jury, he would not have received the benefit of "acceptance of responsibility." While he could most certainly have decided to change his plea to guilty with regard to the drug charges, but insisted on his right to a trial by jury on the firearms charges, he would have been unlikely to have received the benefit of "acceptance of responsibility" or to have received the benefit of dismissal of Counts 9 and 10.

  Furthermore, the language of 18 U.S.C. Sec. 924 ( c) is clear in providing that a "second or subsequent" conviction triggers the twenty-five year minimum consecutive sentence. An intervening arrest is not a requirement for treating a conviction as "a second" conviction under this statute. Neither is Mr. Bice accurate in raising a "single conspiracy" argument. Mr. Bice was not charged with conspiracy, but with separate sales of drugs; each of these sales constituted an independent crime. Count 3 charged possession of the handgun in furtherance of his possession with intent to distribute as charged in Count 2, while Count 9 charged possession of firearms in furtherance of his possession with intent to distribute as charged in Count 8.

  With respect to Mr. Bice's argument that he was not guilty of Count 3 because he did not have the particularly described gun with him at the time of the drug sale, this is simply completely at odds with his sworn testimony at the sentencing hearing, as fully explained in the Magistrate Judge's Report.

  It appears that Mr. Bice received a favorable plea bargain. If he had been convicted on all thirteen counts, he would have received a sentence of incarceration that was twice the 190 months agreed to between the parties. If he had changed his plea on all except the firearms

counts, he would have to have achieved acquittal on both firearms counts in order to achieve a more favorable outcome than the plea agreement provided. Mr. Bice has presented a factual argument with respect to Count 3, but has not addressed Count 9. In accordance with <u>Maples, supra</u>, the Court has analyzed the substance of Mr. Bice's underlying claim with respect to Count 3 and agrees with the United States Magistrate Judge that there is no reasonable probability that he could have achieved acquittal on both counts. Accordingly, it simply cannot be said that his attorney was ineffective in advising him to accept the plea agreement.

    An order in conformity has this day entered.